HEATHER E. WILLIAMS, #122664
Federal Defender
LEXI NEGIN, #2500376
Assistant Federal Defender
OFFICE OF THE FEDERAL DEFENDER
801 "I" Street, 3rd Floor
Sacramento, CA 95814
916-498-5700
Lexi_Negin@fd.org

Attorney for Defendant
SEAN MCHUGH

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 21-MJ-00089 JDP |
| Plaintiff, | ) ) ) | DEFENDANT'S MEMORANDUM SUPPORTING RELEASE ON CONDITIONS |
| v. | ) ) | |
| SEAN MCHUGH, | ) ) | Date:  June 1, 2021 |
| Defendant. | ) ) ) | Time:  2:00 p.m. Judge: The Honorable Kendall J. Newman |

    Mr. Sean McHugh, by and through undersigned counsel, respectfully requests this Court release him on the least restrictive conditions that will provide safety to the community and assure his appearance in Court in Washington, D.C.. Undersigned counsel will make specific arguments in open court as to why Mr. McHugh is not a danger nor a risk of flight, but counsel wishes herein to draw the Court's attention to relevant recent cases addressing pretrial detention in these cases.

    As the Court is well aware, the charged offenses occurred on January 6, 2021, at the United States Capitol in Washington, D.C. As the complaint indicates, the evidence is that Mr. McHugh traveled back to his home in Auburn, California on January 7, 2021. By all accounts he has continued his life without incident for the past 5 months. He has been residing in his long time residence, working, attending his DUI classes and complying with his informal probation for that DUI, and there is no indication he invested any effort into ongoing efforts to thwarting

governmental functions or acting in any dangerous manner.  Mr. McHugh is not a member of any militia or other domestic terrorist group, he does not possess firearms nor ammunition.  Counsel believes that no additional items of concern (such as firearms, ammunition, manifestos, contraband etc.) were discovered during the search warrant of his home.   Mr. McHugh was not aware that he specifically was under any law enforcement investigation, although he was aware that individuals who attended the events on January 6, in Washington, D.C. were being investigated.  He did not attempt to flee, move, obfuscate or otherwise interfere with law enforcement.  If given the opportunity to self-surrender by law enforcement, Mr. McHugh would have done so.  His post-offense conduct has demonstrated that he is not a risk of flight nor a danger, and that he can and will comply with any conditions of release this Court imposes.  His arrest in itself has been a wake-up call of sorts and he is fully prepared to address the allegations in an appropriate and responsible manner.

   The District of Columbia Courts have addressed detention and released similarly situated defendants who are charged with crimes relating to their actions at the January 6, 2021 protest, including physically assaulting law enforcement.  In *United States v. Munchel*, 991 F.3d 1273 (D.C. Cir. 2021), a thoughtful bail appeal opinion by the United States Court of Appeals for the District of Columbia Circuit, the Court overruled the detention of a defendant who, armed with a taser, entered the Capitol building and the Senate chamber.  Important facts in *Munchel* are that the government alleges that the defendants wore tactical vest and that one defendant had a taser.  The defendants met with militia members on the grounds of the Capitol.  The defendants pushed their way through a crowd, Munchel still armed with a taser, to enter the Capitol building shouting various things along the way.   They entered the Capitol building and stayed for 12 minutes.  During that time they took and carried zip ties and Munchel still had a taser.  They made their way into the Senate gallery where Munchel made his way to the dais yelling various things. The defendants were later identified and upon execution of search warrants, tactical vest, zip ties, firearms and loaded magazines were recovered.  They were both charged with felonies while carrying a dangerous weapon.  They were detained based on dangerousness and the Court

of Appeals for the District of Columbia remanded that decision and the defendants were ultimately released on conditions.

While detention determinations are individual assessments, the District of Columbia District Courts have consistently released defendants charged with assaultive offenses stemming from the January 6th protest, recognizing *Munchel*'s guidance on dangerousness.

For example, the following defendants have been released with conditions:

United States v. Owens, 21-cr-286 (DDC) (defendant hit an officer on the head with a skateboard)

United States v. Sanford, 21-cr-86 (DDC) (defendant threw a fire extinguisher at law enforcement and it hit one officer and careened off another's helmut)

United States v. Coffee, 21-mj-236 (DDC) (defendant assaulted officers with a crutch inside the tunnel)

Unites States v. Klein, 21-cr-236 (DDC) (defendant shoved a plastic riot shield into the bodies of officers while attempting to break the line)

United States v. Leffingwell, 21-cr-005 (DDC) (defendant used fists to strike an officer inside the Capitol building)

United States v. Gossjankowski, 21-cr-123 (DDC) (defendant used a taser inside the tunnel as he pushed toward the police line)

United States v. Blair, 21-cr-186 (DDC) (defendant struck an officer with a lacrosse stick)

**LEGAL STANDARD**

As the *Munchel* Court discussed, "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). The *Munchel* Court went on to explain that in torder to preventively detain someone pretrial as a danger, the government must prove by clear and convincing evidence that the arrestee presents an **identified and articulable threat** to and individual or the community.

The threat MUST be clearly identified. The threat must also be considered in context, says *Munchel*.

"Only in rare circumstances should [pretrial] release be denied." *United States v. Motamedi*, 767 F.2d 1403, 1404 (9th Cir. 1985). This presumption reflects the essential principle that "[i]n our society liberty is the norm, and detention prior to trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). That exception is to be invoked "only for the strongest of reasons." *Sellers v. United States*, 89 S. Ct. 36, 38 (1969) (Black, J., in chambers). This case does not present **the strongest of reasons** for detention. The Bail Reform Act provides that:

> Upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be --
>
> (1) released on personal recognizance or upon execution of an unsecured appearance bond . . . ;
>
> (2) released on a condition or combination of conditions . . . ;
>
> (3) temporarily detained [for certain reasons]; or (4) detained [if conditions set forth in subdivision (e) are met].

18 U.S.C. § 3142(a). Conditions of release range from release on personal recognizance or unsecured bond, subd. (b), to "the least restrictive further condition, or combination of conditions, that [the] judicial officer determines will reasonably assure the appearance of the person as required," subd. (c). A long list of conditions is provided in the statute in order to facilitate release rather than detention. See subd. (c)(1)(B).

On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk. *United States v. Gebro,* 948 F.2d 1118, 1121 (9th Cir.1991). The government bears the burden to prove that no combination of conditions will assure the defendant's future appearance. *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990). Further, if seeking detention on the basis of flight risk, the government

must prove "that no condition or combination of conditions will reasonably assure the appearance of the person required . . . by clear and convincing evidence" under section 3142(e).

In determining whether there are conditions "that will reasonably assure the appearance of the person as required," the following factors are considered:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including --
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at Court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

**THE FACTS WEIGH AGAINST PREVENTIVE DETENTION**

Mr. McHugh is not alleged to have entered the Capitol Building. He is alleged to have "scuffled" with an officer over a barricade, but there is no allegation that scuffle amounted to anything more. In the photograph in the complaint Mr. McHugh[1] can be seen with one hand on the barricade, as if to move it, but it appears that action went no further when the officer grabbed the barricade. As assaultive conduct goes, this is arguably very minor, if at all an assault.

---

[1] For the purposes of this Motion, counsel assumes arguendo that the person in the photographs is the defendant before the Court.

Defendant's Motion for Release -5-

Photographs in the complaint depict that Mr. McHugh sprayed something in the direction of officers, but the photographs also show that there are several civilian individuals between him and the officers and that he is not close to the officers. The spray is seen to dissipate before it even nears any officer. He appears to be standing still, as opposed to running at the officers with the spray.

With respect to the large metal sign, the act of holding on to the sign and yelling "put it up there" seems as consistent with getting the sign out of the way to prevent it from hitting people as it is to pushing the sign for a nefarious purpose. In short, the assault allegations against Mr. McHugh, are relatively minor compared to other actors that day who have been released who directly and personally assaulted officers with tangible weapons.

Officers executed a search warrant at Mr. McHugh's house and found no firearms nor ammunition. There are no allegations that he is a member of or has affiliations with any violent domestic terror group, such as the Oath Keepers militia or the Proud Boys, or that he adheres to any views that are violent, racist or other beliefs that might present a challenge to Pretrial Supervision.

Mr. McHugh is respectful to this Court. He did not resist his arrest in any way. He is fully engaged in defending his case in Washington, D.C. He has nowhere to run and no interest in doing so.

**CONCLUSION**

Mr. McHugh does not pose any risk of flight nor danger that cannot be fully addressed by stringent conditions of release. Mr. McHugh respectfully requests that this Court fashion such conditions and release him.

Dated: June 1, 2021                                    Respectfully submitted,

                                                       HEATHER E. WILLIAMS
                                                       Federal Public Defender

                                                       */s/ Lexi Negin*
                                                       LEXI NEGIN
                                                       Attorney for Defendant
                                                       Sean McHugh